IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

|  |  |  |
|---|---|---|
| BRENDA C. OWENS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 5:07CV00043 SWW |
| | * | |
| PETE GREEN, ACTING SECRETARY OF THE UNITED STATES ARMY | * | |
| | * | |
| Defendant | * | |

**ORDER**

Plaintiff Brenda Owens brings this employment discrimination action claiming that her former employer, the United States Army, discriminated against her on the basis of her age and gender and retaliated against her for filing an intra-agency discrimination charge. Before the Court is the Army's motion to dismiss or, alternatively, for summary judgment (docket entries #28, #29, #30), Owens' response in opposition (docket entries #31, #32, #33); the Army's reply (docket entry #35); Owens' supplemental response (docket entry #43), and the Army's reply (docket entry #45). After careful consideration, and for the reasons that follow, summary judgment will be entered in the Army's favor.

**I**.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

1

of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.[1] On April 4, 2005, Owens was hired as a security guard at the Pine Bluff Arsenal ( the Arsenal), subject to a one-year probationary period. As a condition of her employment, Owens was required to be qualified in the Chemical Personnel Reliability Program (CPRP), as set forth in Army Regulation 50-6 (AR 50-6). The purpose of the CPRP "is to ensure that each person who performs duties involving chemical agents meets

---

[1]Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

the highest possible standards of reliability." AR 50-6, Ch. 2, § 1. AR 50-6 contains a non-exhaustive list of factors that disqualify an individual from the CPRP, which includes "involvement in a serious incident." AR 50-6, Ch. 2, § 9.

On November 4, 2005, Owens visited her sister's residence where drug taskforce officers were executing a search warrant. *See* docket entry #29, Attach. #6 (police report). The police report documenting the search states that Owens arrived at residence immediately after work, dressed in her Arsenal uniform. *Id.* A search of Owens' vehicle uncovered firearms, medication prescribed to an individual other than Owens, and a plastic baggie containing a green, leafy residue and ammunition. *Id.* Owens received citations at the scene "for carrying a weapon and for instrument of a crime for the prescription pills . . . and the bag containing bullets and suspected marijuana residue." *Id.*, *see also* docket entry #29, Attach. #3 (EEOC Fact Finding Conf.) at 29.

On November 14, 2005, the Army gave Owens written notice that her employment would terminate on November 21, 2005. Docket entry #29, Ex. #7. The notice reads as follows:

> This termination is based on your involvement in an incident which occurred [4] November 2005. The Jefferson County Tri-County Drug Taskforce was executing a search warrant at an off-post residence when you entered property in your privately owned vehicle (POV). You stated that you were there to check on your sister who resided at the residence being searched and who had already been placed in hand-irons. You were advised by the officer in charge of the search that because a search warrant was being executed there, that you and your POV were also subject to the search. Upon searching your POV, the following items were discovered in the trunk:
>
> • Chrome colored two-shot .38 caliber derringer
> • Black colored .32 revolver
> • Amber colored bottle containing approximately 23 white pills prescribed to a different person
> • Plastic baggie containing green leafy substance residue along with 8 rounds of ammunition

> All of the above items were seized and you were issued citations for carrying a weapon x2; instrument of a crime for the prescription pills that were not prescribed to you; and for the baggie containing the bullets and suspected marijuana residue.
>
> As a condition of your employment for the position you occupy, you must be qualified for entry into the [CPRP]. Provision in AR 50-6, "Chemical Surety," paragraph 2-9e, states that any conviction or involvement in an unlawful incident is a disqualifying factor for entry into or retention in the [CPRP].
>
> Based on the facts and circumstances outlined above, you no longer meet a condition of employment for the position you occupy; therefore, your employment is being terminated [pursuant to] IAW CRR 316.304(b), which authorizes termination of a term employee during the first year of employment, which is considered a trial period.

Docket entry #29, Ex. #7.

Owens contacted an Equal Employment Opportunity ("EEO") counselor, complaining that she had been terminated based on her race (white), gender, and age (54). Docket entry #29, Ex. #9. Attempts to resolve Owens' discrimination claims on an informal basis were unsuccessful, and she filed a formal EEO complaint on January 18, 2006, alleging that the Army had discriminated against her on the basis of her gender, race, and age. *See* docket entry #29, ¶ 28, Attach. #19. The Army issued a final decision regarding Owens' discrimination charge on January 18, 2007, finding no discrimination. Docket entry #29, Attach. #19.

Sometime after her termination from the Arsenal, Owens filed a separate EEO complaint, alleging that the Army retaliated against her by providing negative job references to her prospective employers. *See* docket entry #29, ¶ 80 and Attach #19. The Army issued a final decision on Owens' retaliation claim on September 7, 2006, dismissing the claim for failure to state a claim and failure to initiate contact with an EEO counselor within 45 days of the alleged retaliatory conduct. *See* docket entry #29, Attach. #19. Owens received notice of the final decision on September 14, 2006. *See* docket entry #29, ¶ 86-87.

Owens filed this lawsuit on March 2, 2007. In her second amended complaint, Owens claims that the Army discriminated against her based on her gender and age and retaliated against her for filing an EEO complaint.

**Age and Gender Discrimination**

Owens does not claim that the Army terminated her employment because of her age and gender. Instead, she claims that the Army gave another security guard, Dustin Torrence, favorable treatment in connection with his termination. Owens claims that "she did not get the same due process as Torrence" and "the disparity in treatment resulted in Owens being denied the right to earn from $2,000 to $6,000, as compared to Torrence." Docket entry #32, at 18.

Torrence, a white male under forty years of age, was hired as an Arsenal security guard on January 18, 2005. Torrence was arrested on May 12, 2005. Soon after his arrest, Torrence informed his supervisor, James Anderson (Anderson), that he had been arrested. *See* docket entry #43, Attach. #1 (Torrence Dep.) at 15-16. Anderson did not terminate Torrence's employment after learning about his arrest, but he took Torrence's weapons and placed him on desk duty.

Torrence was charged by criminal information filed June 13, 2005 with the following crimes: (1) residential burglary, committed January 2, 2005; (2) arson, committed January 2, 2005; (3) arson, committed November 9, 2002; (4) arson, committed April 18, 2005; and (5) unlawful burning, committed August 26, 2004. *See* docket entry #31, Attach. #4 (Criminal Information); *see also* docket entry #45, Attach. #2 (Torrence Dep.) at 43. On June 15, 2005, Anderson received notice, by official memorandum from a prosecuting attorney, about the criminal charges pending against Torrence. *See* docket entry #45, Attach. #3. On June 23,

2005, Anderson requested that Torrence be terminated. *See id.*

The Army issued a memorandum to Torrence dated June 29, 2005, stating: "This is to advise you that it is proposed to remove you from your position of Security Guard . . . and from Federal employment under the provisions of Code of Federal Regulations, CRF 315.805 . . . ." Docket entry #31, Attach. #4. The memo states that Torrence's proposed removal was based on information that he had been charged with various crimes. Additionally, the memo advised Torrence that he had five days to answer the separation notice and that he would remain on paid non-duty status during the notice period. *Id.*

Owens contends Torrence received more favorable treatment than she because he continued to work at the Arsenal at least sixty days after Anderson learned about his arrest, but she was terminated 10 days after she was arrested and charged with committing crimes.[2] Additionally, Owens notes that she did not receive the same procedural safeguards afforded Torrence--the right to answer the proposed separation notice, the right to representation, and paid status during the notice period.

The Army asserts that it did not terminate Torrence based on his May 12, 2005 arrest because, unlike Owens, he was not charged with a crime upon his arrest. It is undisputed that Torrence was formally charged on June 13, 2005, Anderson received notice of the formal charges on June 15, 2005, and Anderson took action to terminate Torrence's employment on

---

[2]Under Arkansas law, a felony can only be charged by a grand jury indictment or by information filed by a prosecuting attorney. *See McGrew v. State*, 338 Ark. 30, 33, 991 S.W.2d 588, 590 (1999). However, charges for misdemeanor violations may be made by issuance of a citation by a law enforcement officer. *See Archer v. Benton County Circuit Court*, 316 Ark. 477, 480, 872 S.W.2d 397, 399 (1994).

June 23, 2005. Anderson testified at an EEOC fact finding conference that he did not take immediate action against Torrence when he learned about his arrest because Torrence had not been charged with a violation of law, but once formal charges were filed, Torrence was relieved of duty. *See* docket entry #45, Attach. #1 (Tr. EEOC May 21, 2006 Fact Finding Conference).

The Army states that it advised Torrence he had a right to answer his proposed separation notice in accordance with 5 C.F.R. § 315.805, which sets forth the procedures for a federal agency's termination of a probationary employee "based in whole or in part on conditions arising before his appointment." Section 315.805 provides that probationary employees are entitled to advance written notice stating the reasons for the proposed action; a reasonable time for filing a written answer and supporting affidavits; written notice of the agency decision and notice of the right to appeal. *See* 5 C.F.R. § 315.805.

It is undisputed that the criminal information against Torrence charges him with several crimes committed before the Army appointed him as a security guard on January 18, 2005. Owens, however, was charged with crimes allegedly committed after her appointment as a security guard. Under 5 C.F.R. § 315.804, when a federal agency decides to terminate a probationary employee because his or her conduct during the probationary period fails to demonstrate fitness for continued employment, the agency "shall terminate [her] services by notifying [her] in writing as to why [she] is being separated and the effective date of the action." 5 C.F.R. § 315.804(a). The Army's notice to Owens complied with § 315.804(a). *See* docket entry #29, Attach. #7.

Because Owens seeks to prove discriminatory treatment with circumstantial evidence,[3] her discrimination claims are properly evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). First, Owens must establish a prima facie case of discrimination by showing that: (1) she belongs to a protected class; (2) she met all applicable job qualifications; (3) she suffered an adverse employment action; and (4) evidence adequate to create an inference that the adverse action was based on illegal discrimination. *See Ward v. International Paper Co.*, 509 F.3d 457, 460-61 (8th Cir. 2007)(age discrimination); *Wells v. SCI Management, L.P.* 469 F.3d 697, 700 (8th Cir.2006)(gender discrimination). If Owens establishes a prima facie case, the burden shifts to the Army to offer a legitimate, nondiscriminatory reason for its conduct. *Id.* If the Army meets its burden, Owens must demonstrate that the proffered reason for the adverse action is pretext for discrimination. *Id.*

The Army asserts that Owens is unable to establish a prima facie case of age or gender discrimination or show that the legitimate reasons for the disparity in treatment between she and Torrence is pretext for discrimination.[4] Because the Army has provided legitimate reasons for its

---

[3] In her brief in opposition to summary judgment, Owens contends that she has presented direct evidence of gender and age discrimination. However, her evidence is entirely circumstantial. Owens attempts to show discrimination solely with evidence that she received different treatment than a younger, male employee. Evidence of disparate treatment does not directly reflect discrimination and requires a series of inferences to be drawn before a discriminatory motivation can be attributed to the decision maker.

[4] Defendant also argues that Owens fails to state a proper jurisdictional basis for her age discrimination claim, which she purports to bring under Title VII, which does not provide a cause of action for age discrimination.

Rule 8(a) of the Federal Rules of Civil Procedure requires fair notice of a claim and the grounds upon which the claim rest. In order to provide fair notice, a party is not necessarily

actions, the Court will presume the existence of a prima facie case and move directly to the issue of pretext and discrimination. *See Stewart v. Independent School Dist. No. 196,* 481 F.3d 1034, 1043 (8th Cir. 2007).

To avoid summary judgment, Owens must show pretext by discrediting the Army's asserted reasons for the disparity of treatment between she and Torrence. Owens must also show that the circumstances permit a reasonable inference that her age or gender was the real reason for the disparity in treatment. *See Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005)(citing *Reeves v. Sanderson Plumbing Prods., Inc*. 530 U.S. 133, 146-47, 120 S.Ct. 2097 (2000); *Spencer v. Stuart Hall Co.*, 173 F.3d 1124, 1128 (8th Cir.1999)).

In response to the Army's stated reasons for its actions, Owens merely reiterates her claim that she is the victim of disparate treatment. Owens shoulders the burden to show that she and Torrence were similarly situated in all relevant respects, without any distinguishing circumstances. *See Morgan v. A.G. Edwards & Sons, Inc.,* 486 F.3d 1034, 1043 (8th Cir. 2007)(citing *EEOC v. Kohler Co.*, 335 F.3d 766. 775 (8th Cir. 2003)). The Army has come forward with evidence showing that it managed Owens' and Torrence's terminations differently based solely on distinguishing circumstances, and Owens provides no evidence showing otherwise. After careful review, the court finds no genuine issues for trial with respect to Owens' discrimination claims.

---

required to identify a particular statute in its complaint. *See Eckert v. Titan Tire Corp.*, 2008 WL 222274, *5 (8th Cir. Jan. 29, 2008)(citations omitted). Section 15 of the Age Discrimination in Employment Act authorizes federal employees to challenge allegedly discrimination both administratively and judicially. *See* 29 U.S.C. § 633(a). Although Owens failed to cite this provision in her second amended complaint, the Court finds that the oversight is not fatal because the complaint allegations provide fair notice of Owens' age discrimination claim.

**Retaliation**

Owens alleges that in May 2006 she sought employment at Loomis Fargo but was not hired. Owen states that "it is her belief" that she was not hired because the Army gave her a bad work reference in retaliation for filing an EEOC charge in connection with her termination. The Army moves for dismissal of Owens' retaliation claim on grounds that her claim is untimely and she is unable to establish a prima facie case of retaliation.

Timeliness

A federal employee who has filed an intra-agency EEO complaint under Title VII is authorized to file a civil action in district court within 90 days of receipt of the final action if no appeal has been filed. *See* 29 C.F.R. § 1614.407(a). The failure to file suit within 90 days of receiving notice of final agency action renders a plaintiff's claim untimely. *See Hallgren v. U.S. Dept. of Energy*, 331 F.3d 588, 589 (8th Cir. 2003)(citations omitted).

Here, the Army issued a final, adverse decision regarding Owens' retaliation claim on September 7, 2006, which Owens received on September 14, 2006. Owens filed this action on March 2, 2007, beyond the 90-day filing period, and she provides no basis for tolling the limitations period. Accordingly, the Court agrees that Owens' retaliation claim is time-barred.

Prima Facie Case

In order to establish a prima facie case of retaliation, Owens must show that (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged

retaliatory action materially adverse;[5] and (3) the materially adverse action was causally linked to the protected conduct. *See Higgins v. Gonzales,* 481 F.3d 578, 589 (8th Cir. 2007)(citations omitted).

The Army asserts that Owens cannot show a causal connection between her EEO complaint and an alleged negative job reference she received after her termination. The Court agrees. Owens has failed to come forward with any evidence linking her protected activity with an alleged negative job reference. The Court finds no genuine issues for trial with respect to Owens' retaliation claim.

### IV.

For the reasons stated, the Court finds that Defendant's motion for summary judgment (docket entry #28) should be and it is hereby GRANTED. There being no issues remaining for trial, pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 7TH DAY OF FEBRUARY, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[5]Until recently, as part of the prima facie case, the Eighth Circuit required plaintiffs to show "an adverse action" which produced a "material employment disadvantage." *See Higgins v. Gonzales,* 481 F.3d 578, 589 (8th Cir. 2007)(citations omitted).